Speer vs. McPherson.

THOMAS D. SPEER, plaintiff in error, vs. ALFRED F. Mc-PHERSON, defendant in error.

A rule absolute against a Sheriff, is not such a judgment as has a lien on his property, and, as can compete with judgments on verdicts against him, for money raised under those judgments from his property.

Rule against Sheriff, from Sumter.   Decision by Judge KIDDOO, on motion to distribute money.   September Term, 1857.

At the November Term, 1855, of *the Inferior Court* of Sumter county, the following rule absolute was taken against P. F. Thompson, late Sheriff of said county, viz:

"Sumter Inferior Court, November Term, 1855.

A. F. McPherson,
vs.                    }  *Rule Absolute.*
Portlock F. Thompson, late Sheriff.

The late Sheriff, Thompson, having been served with a copy of said rule, and he having failed to show cause why he should not pay the amount claimed thereon, it is ordered that the said Portlock F. do pay to the said A. F. McPherson the sum of two hundred and fifty-seven dollars and sixty-four cents, and in default thereof he be considered in contempt.

I consent to the paying of the above rule absolute. This 28th November, 1855.
            [Signed]            P. F. THOMPSON."

The fund in the Sheriff's hands, for the payment of which the above rule absolute was taken, consisted of costs which he had before that time collected, due and belonging to McPherson, who was Clerk of said Court.

At May Term, 1857, of the Inferior Court, the following order was passed:

A. F. McPherson,
vs.                    }  *Rule Absolute to pay money.*
P. F. Thompson, late Sheriff.

It appearing by the statement of A. S. Cutts, present Sheriff, that he has in hand $876 63, raised by him on a fi. fa., returnable to this Court, in favor of James S. Odom, against P. F. Thompson, and other fi. fas. against said Thompson. And it further appearing to the Court that there is on the minutes of this Court, of November Term, 1855, a rule absolute in favor of A. F. McPherson vs. P. F. Thompson, for the sum of $257 64, it is ordered by the Court that the

Sheriff do pay over said money to the unsatisfied judgments now here claiming the same according to their priority, said rule absolute ranking as a judgment of November Term, 1855.

To the above order Thomas D. Speer, who was a junior mortgage creditor of Thompson, excepted :

1st. Because the rule absolute against Thompson, late Sheriff, is void for irregularity and uncertainty.

2d. Because rules absolute are not such judgments as can take money to the prejudice of a mortgage creditor.

3d. Because the movant in this case has lost, by his laches, all equitable lien on the fund in Court.

The exceptions were overruled by the Inferior Court, and Speer sued out a certiorari.

Upon the hearing and after argument, Judge KIDDOO dismissed the certiorari and affirmed the judgment of the Inferior Court, and counsel for Speer excepted.

BROWN & ELAM, for plaintiff in error.

McCoy & HAWKINS, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

Is a rule absolute against a Sheriff, requiring him to pay over money, such a judgment as binds his *property* in the same way in which, judgments on verdicts, bind it? This is the great question.

And we think that it is not.

The full import of such a judgment is, that the Sheriff do pay over the money or that in default thereof he be *committed to jail*, not, that in default thereof, the money *be made out of his property.* How then can it bind his property.

A *fi. fa.* to execute such a judgment is a thing never heard

of. How is this fact to be accounted for, except by assuming, that such a judgment does not bind property?

Indeed, such a judgment is of the nature of a sentence in a criminal case—a sentence imposing a fine. Such a sentence does not bind the property of the culprit. The Court may remit a fine, during the term at least. Suppose the Court had remitted the requisition contained in this rule, would that be a payment or satisfaction to the plaintiff, in the rule? Surely not. Such a judgment is quite different from the ordinary judgment rendered on a verdict.

It is true, that the Act of 1810, to point out a rule for the priority of judgments, uses the comprehensive words, "all judgments," saying, that "all judgments obtained in the Superior, Inferior, or Justices Courts," "shall be entitled to the right or claim of any money received by the Sheriff," &c. *Pr. Dig.* 435. Still, it cannot be, that the Act can, by virtue of such words as these, include judgments which, by their own import, cut themselves off from the right to claim such money.

Indeed, by the *title*, the Act is one to *regulate* liens; not one to *create* liens; and, by the law previously existing, rules absolute against Sheriffs, were judgments without lien. It is not to be presumed, that the Legislature by the use of general expressions in the body of the Act, intended to make the body different from the title, and thus, intended to violate the Constitution.

We think, then, that the rule absolute against the Sheriff had no lien on his property, and therefore, that it was not entitled to take the money raised out of his property by fi. fas. to the exclusion of those fi. fas. And, therefore, we think, that the Court erred in not granting the certiorari.

There were some other grounds on which the application for the certiorari was also put. These we think were plainly of no validity.

It was objected in this Court, by McPherson's counsel that the mortgagee, Speer, had not the right to intervene, in the

case. He was allowed to intervene in the Inferior Court; no objection to his intervening was there made. The objection as made here, was put upon the ground, that the remedy of Speer was by a bill in equity, and not, by a participation in the case made by the money rule. A money rule is, itself, an equitable proceeding; and one, which, in my own opinion, was open to Speer in this case. 9 *Ala.* 679, *and cases cited.*

At any rate, it is now too late to urge such an objection.

Judgment reversed.